## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHHIM, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-15-1272 |
| | § | |
| UNIVERSITY OF HOUSTON | § | |
| CLEAR LAKE, | § | |
| Defendant. | § | |

## MEMORANDUM AND ORDER

This employment discrimination case is before the Court on Defendant

University of Houston—Clear Lake's ("Defendant" or the "University") Motion to

Dismiss ("Motion") [Doc. # 11], to which Plaintiff Joseph Chhim ("Plaintiff" or

"Chhim"), proceeding *pro se* and *in forma pauperis*, filed a Response [Doc. # 14].[1]

Defendant did not timely file a reply or request for additional time to do so.  The

Motion is ripe for review.  After considering the parties' briefing, all matters of

---

[1]   The Court denied Plaintiff's motion for appointment of counsel, *see* Order dated May
29, 2015 [Doc. # 5], and subsequently denied as well his motion for reconsideration
of this ruling, *see* Order dated July 21, 2015 [Doc. # 12].  Plaintiff also filed a
"Motion to Correct Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's
Original Complaint" ("Motion to Correct") [Doc. # 15] seeking to clarify several
statements made in his Response.  Plaintiff's Motion to Correct further discusses
potential claims against individuals who are not otherwise referenced in his Original
Complaint ("Complaint") [Doc. # 1].  Plaintiff's Motion to Correct is **granted in part**
to the extent that the Court considers Plaintiff's arguments regarding Defendant's
Motion and **denied in part** without prejudice to the extent that the Motion to Correct
is a request to add parties or claims to Plaintiff's Complaint.

record, and the applicable legal authorities, the Court **grants** Defendant's Motion and

**dismisses** Plaintiff's claims without prejudice to Plaintiff filing an amended complaint

by **September 28, 2015**, and limited to certain claims as explained herein.

## I.    BACKGROUND

Plaintiff Chhim, a United States citizen of Cambodian descent and

approximately 70 years old, alleges that he was hired by Defendant the University as

a custodian on December 11, 2013.  "Plaintiff Original Complaint" ("Complaint")

[Doc. # 1], at 2–3, ¶¶ 3, 8.  By letter dated April 11, 2014, the University terminated

Chhim's employment due to "unsatisfactory probationary period."   Exh. C to

Complaint ("Termination Letter") [Doc. # 1], at ECF page 18.[2]  Chhim alleges that he

began to receive negative performance reviews after complaining to his supervisor,

Osman Elsayed ("Elsayed"), about his co-workers harassing him and making

discriminatory comments regarding his race, national origin, and age.  *E.g.*,

Complaint, at 6, ¶ 13.  Chhim further asserts that the University terminated his

employment after discovering that Chhim had been previously employed by the

---

[2]      Chhim's attachments to his Complaint are considered "part of the complaint 'for all
         purposes.'"  *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370,
         375 (5th Cir. 2004) (quoting FED. R. CIV. P. 10(c)).

University of Houston and upon learning that Chhim previously sued the University

of Houston for employment discrimination.  *E.g.*, *id.*, at 3–4, ¶¶ 10–11.[3]

---

[3]    It appears that Chhim's prior lawsuit against the University of Houston was dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  See *Chhim v. Univ. of Hous.*, Civ. Action No. H-13-2483, 2013 WL 6491287, at \*2 (S.D. Tex. Dec. 10, 2013) (Rosenthal, J.), *appeal dismissed*, 582 F. App'x 406 (5th Cir. 2014) (per curiam), *cert. denied*, 135 S. Ct. 1419 (2015), *reh'g denied*, 135 S. Ct. 1756 (2015).    Over the past three decades, Chhim has filed many employment discrimination lawsuits in the Southern District of Texas.  *E.g.*, *Chhim v. Spring Branch Indep. Sch. Dist.*, Civ. Action No. H-09-3032, 2009 WL 5170214 (S.D. Tex. Dec. 18, 2009) (Atlas, J.) (dismissing claims under Rule 12(b)(6)), *aff'd*, 396 F. App'x 73 (5th Cir. 2010) (per curiam); *Chhim v. Aldine Indep. Sch. Dist.*, Civ. Action No. H-13-2623 (S.D. Tex. Jan. 30, 2014) (Gilmore, J.) [Doc. # 31] (granting the defendant's motion to dismiss under Rule 12(b)(6)), *aff'd*, 583 F. App'x 303 (5th Cir. 2014) (per curiam); *Chhim v. Huntleigh USA Corp.*, Civ. Action No. H-13-3261, 2014 WL 801023 (S.D. Tex. Feb. 28, 2014) (Hoyt, J.) (dismissing claims under Federal Rule of Civil Procedure 12(b)(5) for failure to sufficiently serve the defendant); *Chhim v. City of Houston*, Civ. Action No. H-11-1560, 2012 WL 6020296 (S.D. Tex. Dec. 3, 2012) (Miller, J.) (awarding defendant summary judgment); *Chhim v. City of Houston*, Civ. Action No. H-08-2359 (S.D. Tex. Sept. 20, 2011) (Harmon, J.) [Doc. # 55] (dismissing claims after a bench trial based on findings of fact and conclusions); *Chhim v. City of Houston*, 168 F.3d 486, 1999 WL 25063, at \*1 (5th Cir. Jan. 11, 1999) (per curiam) (unpublished) (affirming dismissal of Chhim's employment discrimination claims); *Chhim v. City of Houston*, Civ. Action No. H-95-4970 (S.D. Tex. Sept. 17, 1997) (Johnson, M.J.) (granting defendant's motion for directed verdict after the conclusion of Chhim's case in chief at a jury trial), *aff'd*, 168 F.3d 486, 1999 WL 25063, at \*1 (5th Cir. Jan. 11, 1999) (per curiam); *Chhim v. City of Houston*, Civ. Action No. H-95-CV-4969 (S.D. Tex. Feb. 5, 1996) (Atlas, J.) [Doc. # 5] (dismissing claims without prejudice per the minutes of the scheduling conference); *Chhim v. City of Houston*, Civ. Action No. H-93-1634 (S.D. Tex. Oct. 24, 1994) (Rosenthal J.) (Doc. # 56) (conditionally dismissing case after being informed of an amicable settlement between the parties).  Chhim currently has at least two other unrelated cases pending in this District.  *See Chhim v. City of Houston*, Civ. Action No. H-15-2287 (S.D. Tex.) (Hittner, J.) (removed from Texas state court on August 10, 2015); *Chhim v. Univ. of Tex. Austin*, Civ. Action No. H-15-1865 (S.D. Tex.) (Gilmore, J.) (removed from Texas state court on June 30, 2015).

Chhim timely filed a charge of discrimination with the EEOC and received a notice of his right to sue.  Exh. A to Complaint ("EEOC Charge") [Doc. # 1], at ECF pages 12–13; Exh. A to Complaint ("EEOC Dismissal & Notice of Rights") [Doc. # 1], at ECF page 11.  Within ninety days of receiving the notice, Chhim filed this federal lawsuit on May 6, 2015, suing the University for discrimination, retaliation, and hostile work environment under the Age Discrimination and Employment Act ("ADEA") and Title VII of the Civil Rights Act of 1964, as amended ("Title VII"). Chhim seeks prospective injunctive relief, money damages, court costs, and attorneys' fees.  Complaint, at 8.

On July 20, 2015, the University filed the instant motion seeking dismissal of Chhim's claims under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.[4]  This motion has been fully briefed and is ripe for review.

---

[4]   Chhim mistakenly asserts that the Court lacks jurisdiction in this case because the University initially did not file an answer or otherwise respond to the Complaint within twenty-one days of June 1, 2015, when Chhim contends the University was properly served.  On June 30, 2015, the University filed a motion requesting that the Court extend the deadline to file an answer or otherwise respond to the Complaint and asserting that it was not properly served on June 1, 2015.  The University agreed to waive any perceived defects in the service of process, and thus service is uncontested in this case.  The Court exercised its discretion to extend the University's deadline to answer or otherwise respond to the Complaint.  *See* FED. R. CIV. P. 6(b) (stating the Court has authority to extend deadlines upon a motion made after the time to act has expired if the party failed to act because of excusable neglect); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) ("Relevant factors to the excusable neglect inquiry include: the danger of prejudice to the [non-movant], the
(continued...)

## II.   ANALYSIS & APPLICABLE LEGAL STANDARDS

### A.   ADEA Claims

The University argues Chhim's ADEA claims are barred by the Eleventh Amendment and moves to dismiss these claims under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.  "'A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case.'"  *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). When there is a challenge to the court's subject matter jurisdiction, the party asserting jurisdiction bears the burden of establishing jurisdiction exists.  *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014).

As an agent of the state of Texas, the University is entitled to Eleventh Amendment immunity absent waiver or abrogation.  *See Johnson v. Prairie View A&M Univ.*, 587 F. App'x 213, 214 (5th Cir. 2014) (per curiam) (and cases cited therein); *Lowery v. Univ. of Hous.–Clear Lake*, 82 F. Supp. 2d 689, 693 (S.D. Tex.

---

[4]   (...continued)
length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." (citations and internal quotation marks omitted) (alteration in original)).

2000).  It is well established that "Congress did not abrogate the states' sovereign immunity with respect to the ADEA," *McGarry v. Univ. of Miss. Med. Ctr.*, 355 F. App'x 853, 856 (5th Cir. 2009) (per curiam) (citing *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000)), and there is no evidence that the University waived immunity in this case.  Indeed, Chhim does not dispute that the University is generally immune from his ADEA claims.

Chhim contends only that his claim for prospective injunctive relief should not be dismissed because he has sued his supervisor in his official capacity.  While an official capacity claim against a state official for prospective injunctive relief is not necessarily barred by the Eleventh Amendment, *see Ex parte Young*, 209 U.S. 123 (1908), Chhim only has named the University as Defendant and has not asserted any official capacity claims against an individual in this case.  As the only Defendant named in this case is the University, an arm of the State of Texas, "the jurisdictional bar imposed by the Eleventh Amendment applies 'regardless of the nature of the relief sought.'"  *McGarry*, 355 F. App'x at 856 (quoting *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984)).  Accordingly, all of Chhim's ADEA claims are barred by the Eleventh Amendment and are dismissed under Federal Rule of Civil Procedure 12(b)(1).

## B.     Title VII Claims

### 1.     Applicable Legal Standard

The University moves to dismiss Plaintiff's Title VII claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted.  *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011) (citing *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009)).  The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true.  *Harrington*, 563 F.3d at 147.  The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012).  When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief.  *Iqbal*, 556 U.S. at 679.  Regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).  Pleadings filed by *pro se* litigants are entitled to a

liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519 (1972); *U.S. v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dep't*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).

### 2.    Discrimination Claim

Chhim first alleges under Title VII that the University discriminated against him on the basis of his race and national origin.[5]  Because he apparently relies on circumstantial evidence of discrimination, Chhim's discrimination claim must proceed under the burden shifting framework established by *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).  Under this framework, Chhim bears the initial burden of establishing a *prima facie* case of discrimination by showing that "(1) he is a member of a protected class, (2) he was qualified for the position at issue, (3) he was the subject of an adverse employment action, and (4) he was treated less favorably because of his membership in that protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances." *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir.

---

[5]    Chhim also alleges that his supervisor expressed concern about Chhim's age and discriminated against Chhim on the basis of his age.  An age discrimination claim is properly brought under the ADEA, not Title VII.  *See* 42 U.S.C. § 2000–e2; *Fields v. Tex. Cent. Educ. Agency*, 754 F. Supp. 530, 533 (E.D. Tex. 1989) ("[A]ge discrimination is outside the scope of Title VII of the Civil Rights Act of 1964."), *aff'd*, 906 F.2d 1017 (5th Cir. 1990) (per curiam).

2009).

Chhim has not alleged facts that establish the elements of a *prima facie* discrimination claim.  More specifically, Chhim has not alleged that he was qualified for his custodian position with the University.  He also has not alleged facts showing that similarly situated individuals outside of his protected class were treated more favorably under nearly identical circumstances.  His assertion that the University "singled [him] out" and "enforced policies against him that it did not enforce against employees outside of his class" is conclusory and unsupported by factual allegations in the Complaint.  Similarly, his speculation that "[i]t would be interesting to know whether the other employee(s) who worked that week [were] also written up/reprimanded for failing to pick up in the Academic Advising and Testing Center [and written up] for not picking up the trash during his/her/their shift" fails to identify any similarly situated individuals outside his protected class, much less sufficiently allege that those individuals were treated more favorably under nearly identical circumstances.  Chhim also has not alleged that after he was terminated he was replaced by someone outside of his protected class.  *See Vaughn v. Woodforest Bank*, 665 F.3d 632, 636 (5th Cir. 2011).  Chhim's allegations, accordingly, are insufficient to state a *prima facie* claim for discrimination under Title VII, and thus this claim is dismissed under Federal Rule of Civil Procedure 12(b)(6).

### 3.    Retaliation

Chhim appears to advance two legal theories under his Title VII retaliation claim.  First, he alleges that the University retaliated against him when the University terminated his employment after learning that he had previously had sued the University of Houston for employment discrimination.  "[A]n employee may not base a Title VII claim on an action that was not previously asserted in a formal charge of discrimination to the EEOC, or that could not 'reasonably be expected to grow out of the charge of discrimination.'"  *Filer v. Donley*, 690 F.3d 643, 647 (5th Cir. 2012) (quoting *Pacheco v. Mineta*, 448 F.3d 783, 795 (5th Cir. 2006)).  Chhim timely filed a charge of discrimination with the EEOC within 300 days of his termination on April 11, 2014.[6]  He did not, however, include in this charge any allegations related to his prior Title VII lawsuit and that theory does not reasonably grow out of the allegations in his EEOC charge.[7]  Chhim's retaliation claim based on a theory that the University

---

[6]    Title VII requires an employee to file a charge of discrimination with the EEOC within 300 days "after the alleged unlawful employment practices occurred."  42 U.S.C. § 2000e–5(e); *E.E.O.C. v. WC&M Enters., Inc.*, 496 F.3d 393, 398 (5th Cir. 2007).

[7]    Chhim's EEOC charge only claims that he was harassed by coworkers, that his supervisor failed to adequately respond to his complaints, that his supervisor expressed concerns about his age, and that he was terminated under the guise of unsatisfactory work during his probation period.  *See* EEOC Charge.

terminated him because he previously filed a Title VII lawsuit against the University

of Houston is therefore dismissed for failure to exhaust administrative remedies.[8]

Chhim also alleges that the University terminated his employment "in

retaliation for complaining about discrimination and harassment by his supervisor and

coworkers."  Complaint, at 7.  More specifically, Chhim alleges only that he "became

a target after he started complaining about the discriminatory conduct of his

supervisor and female coworkers."  *Id.*  To state a *prima facie* claim of retaliation

against the University, Chhim bears the burden of showing that "(1) []he participated

in an activity protected under the statute; (2) [his] employer took an adverse

employment action against [him]; and (3) a causal connection exists between the

protected activity and the adverse action."  *Feist v. La., Dep't of Justice, Office of the*

*Att'y Gen.*, 730 F.3d 450, 454 (5th Cir. 2013).  Chhim's vague assertions fail to allege

---

[8]      There is some ambiguity in the Fifth Circuit regarding whether dismissal of a Title
         VII claim for failure to exhaust administrative remedies should be under Rule
         12(b)(1) or Rule 12(b)(6).  *See Mazurkiewicz v. Clayton Homes, Inc.*, 971 F. Supp.
         2d 682, 689 (S.D. Tex. 2013) (Costa, J.) ("[W]hile it remains unclear in the Fifth
         Circuit whether failure to exhaust administrative remedies deprives a court of
         subject-matter jurisdiction, . . . filing an EEOC charge and receiving a right-to-sue
         letter are unquestionably conditions precedent for suit in federal court.  Accordingly,
         cases filed in the Fifth Circuit are subject to Rule 12 dismissal if the plaintiff has not
         completed the EEOC process." (internal citations and quotation marks omitted)); *see*
         *also Crosby v. Philip Holdings, LLC*, Civ. Action No. H-12-1748, 2012 WL 5456360,
         at *2 n.5 (S.D. Tex. Nov. 7, 2012) (Werlein, J.) ("It is unclear whether exhaustion of
         administrative remedies falls under 12(b)(1) or 12(b)(6).").  Whether Chhim's
         retaliation claim is properly dismissed under Rule 12(b)(1) instead of Rule 12(b)(6)
         is not dispositive of any issues presented.

facts supporting any causal connection between his engaging in "protected activity" and his suffering an "adverse employment action."  Therefore, Chhim's retaliation claim based on his theory that the University retaliated against him somehow because he made complaints about his coworkers and/or a supervisor is dismissed for failure to state a claim.

### 4.      Hostile Work Environment

Chhim sues the University under Title VII for a hostile work environment.  "[A] hostile work environment claim requires (1) membership in a protected group; (2) harassment (3) based on a factor rendered impermissible by Title VII; (4) the harassment affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment yet failed to address it promptly."  *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 654 (5th Cir. 2012). "Harassment affects a 'term, condition, or privilege of employment' if it is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment.'"  *Hernandez*, 670 F.3d at 654 (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)).  "To be actionable, the work environment must be 'both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so.'"  *Id.* (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 787

(1998)).   The proper Title VII analysis "will filter out complaints attacking the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing."  *Faragher*, 524 U.S. at 788 (internal quotation marks and citation omitted).

Chhim vaguely alleges that his "Latino female" coworkers "continued making racist statements after four to five time complaining to [his supervisor]."  Complaint, at 5.  He further alleges his "supervisor," Elsayed, "participated in the harassment with Latino female employees by laughing at the jokes activities," "did not take Plaintiff's complaints seriously and did not document the complaints or relay them to the Human Resources Department as required by law," and "began writing him up for minor infractions" after Chhim complained about his coworkers "discriminatory conduct." *Id.*  Chhim does not allege any further details regarding the severity or pervasiveness of the alleged "harassment."  Nor does he clarify how the putative harassment affected a term, condition, or privilege of employment.  Instead, Chhim summarily recites the elements of a hostile work environment claim and asserts that "he received false denigrating and insulting verbal assignment and physical conduct toward him" and that he suffered "harassment [that] was sufficiently severe, persistent[,] and pervasive and affected a term or condition of his employment."  *Id.* Chhim's vague factual and

conclusory allegations are insufficient to state a valid Title VII claim for hostile work environment.

## C.     **Leave to Amend**

Chhim requests leave to amend his Complaint.  Response, at 21.  When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend under Federal Rule of Civil Procedure 15(a) before dismissing the action with prejudice.  *See Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).  "The court may deny leave to amend, however, if the defects are incurable or the plaintiffs have already alleged their best case."  *Pierce v. Hearne Indep. Sch. Dist.*, 600 F. App'x 194, 200 (5th Cir. 2015) (per curiam) (citing *Great Plains Tr. Co.*, 313 F.3d at 329; *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998)).  Leave to amend is unwarranted regarding Plaintiff's ADEA claims against the University, which are barred by the Eleventh Amendment, and Plaintiff's retaliation claim to the extent that he failed to administratively exhaust this claim.  The Court otherwise grants Plaintiff Chhim leave to file an amended complaint by **September 28, 2015,** if Plaintiff can do so in compliance with the requirements of Federal Rule of Civil Procedure 11(b).[9]  An

---

[9]      Rule 11(b) states that by presenting a pleading to the Court a party "certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry
(continued...)

amended complaint filed by Plaintiff must separately allege each claim and include

the factual basis for each claim.  Failure to timely file an amended complaint will be

taken as a representation that Plaintiff no longer intends to pursue this case and will

result in the Court dismissing this case with prejudice.

## IV.     CONCLUSION AND ORDER

Based on the foregoing, the Court concludes that all of Plaintiff's claims are

subject to dismissal under either Federal Rules of Civil Procedure 12(b)(1) or Rule

12(b)(6).  Because Plaintiff's ADEA claims against the University are barred by the

Eleventh Amendment, the Court denies Plaintiff leave to amend these claims.  The

Court also denies Plaintiff leave to amend his retaliation claim to the extent that

Plaintiff failed to administratively exhaust this claim.  For Plaintiff's remaining

claims, Plaintiff may file an amended complaint by **September 28, 2015**, if Plaintiff

can do so in keeping with Federal Rule of Civil Procedure 11(b).  Accordingly, it is

hereby

**ORDERED** that Defendant's Motion to Dismiss [Doc. # 11] is **GRANTED**.

It is further

---

9       (...continued)
        reasonable under the circumstances" the claims are (1) "not being presented for any
        improper purpose, such as to harass cause unnecessary delay, or needlessly incease
        the cost of litigation"; (2) "warranted by existing law"; and (3) "the factual
        contentions have evidentiary support."  FED. R. CIV. P. 11(b).

**ORDERED** that Plaintiff's Motion to Correct [Doc. # 15] is **GRANTED in part** to the extent that the Court considers Plaintiff's arguments regarding Defendant's Motion to Dismiss and **DENIED in part without prejudice** insofar as Plaintiff seeks in this manner to add parties or claims to Plaintiff's Complaint because a "motion to correct" is not a recognized method to add new parties. It is further

**ORDERED** that Plaintiff's claims are **DISMISSED** without prejudice to Plaintiff filing an amended complaint by **September 28, 2015**, if Plaintiff can do so in accordance with Federal Rule of Civil Procedure 11(b). Failure to timely file an amended complaint will be taken as a representation that Plaintiff no longer intends to pursue this case and will result in the Court dismissing this case with prejudice. Finally, it is

**ORDERED** that the initial pretrial conference in this case is **rescheduled** for **October 19, 2015, at 1:30 p.m.** The parties' joint pretrial and scheduling order is due **October 13, 2015**.

SIGNED at Houston, Texas, this 9th day of **September, 2015**.

NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE