United States District Court
Southern District of Texas
**ENTERED**
November 20, 2015
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSEPH CHHIM, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL CASE NO. H-15-1272 |
| | § | |
| UNIVERSITY OF HOUSTON— | § | |
| CLEAR LAKE, and WILLIAM | § | |
| STAPLES, CATHERINE JUSTICE, | § | |
| and OSMAN ELSAYED, in their | § | |
| official capacities, | § | |
|     Defendants. | § | |

## **MEMORANDUM AND ORDER**

This employment discrimination case is before the Court on the Motion to Dismiss Plaintiff's First Amended Complaint [Doc. # 21] filed by Defendants University of Houston—Clear Lake (the "University"), and William Staples ("Staples"), Catherine Justice ("Justice"),[1] and Osman Elsayed ("Elsayed"), in their official capacities (collectively with the University, "Defendants"). Plaintiff Joseph Chhim ("Plaintiff" or "Chhim") filed a Response [Doc. # 28]. Defendants filed a Reply [Doc. # 29] and Plaintiff filed a Surreply [Doc. # 31]. The Motion is

---

[1] A letter signed by Justice, Amended Complaint, Exh. 8 [Doc. # 20-8], indicates that Justice's first name may be spelled Katherine. Both parties, however, used the above spelling in their briefs. The Court follows their convention for the purposes of this Memorandum and Order.

now ripe for determination.  Having considered the parties' briefing, all matters of record, and the applicable legal authorities, the Court **grants in part and denies in part** Defendants' Motion.[2]

## I.     BACKGROUND

Plaintiff alleges in his First Amended Complaint (the "Amended Complaint") [Doc. # 20] that he was hired as a custodian by the University on December 11, 2013.  *Id.*, at 4, ¶ 9.  Plaintiff alleges that he worked along side twenty-three Latina coworkers and that Elsayed was his supervisor.  *Id.*, at 4, ¶ 9.  Plaintiff's employment was terminated on April 11, 2014.  *Id.*, at 6, ¶ 16.  Plaintiff alleges that Staples, in his official capacity as President of the University, terminated Plaintiff's employment.  *Id.*, at 2, ¶ 5.  Plaintiff does not allege, however, that he ever interacted directly with Staples.

Plaintiff asserts that he was improperly terminated based on his race and national origin.  *Id.*, at 6, ¶ 16.  He further claims that Elsayed and his coworkers created a hostile work environment, which included disparaging remarks and jokes that Plaintiff perceived as offensive.  *Id.*, at 4–5, ¶¶ 10–12.  After his employment was terminated, Plaintiff filed a complaint with Justice, who is the University's

---

[2]     Along with the Motion, Defendants filed a Motion to Stay Discovery [Doc. # 22] pending resolution of the Motion to Dismiss.  The Court stayed discovery pending resolution of the Motion to Stay Discovery.  Order [Doc. # 27].  Because the Court now decides the Motion to Dismiss, the Motion to Stay Discovery is **denied as moot**.

2

Director of Human Resources, regarding the purported discrimination. Justice met with Plaintiff on May 13, 2014. She followed up with Plaintiff the next day with a letter explaining that he had "failed to present any compelling evidence" of discrimination based on national origin, sex, and age. She also stated that "[y]ou [Chhim] did not inform your supervisor of any inappropriate joking that you claim occurred from your co-workers." She therefore upheld the termination of Plaintiff's employment and declined to permit Plaintiff to appeal the termination to a hearing panel. Amended Complaint, Exh. 8 [Doc. # 20-8].

Plaintiff's Original Complaint [Doc. # 1] was dismissed with prejudice in part, with leave to amend in part. Memorandum and Order [Doc. # 19]. Plaintiff timely filed the Amended Complaint, which asserts claims pursuant to 42 U.S.C. § 1981 ("Section 1981") and claims for discriminatory termination of employment, harassment based on a hostile work environment, and retaliation pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*

Defendants moved to dismiss for lack of subject matter jurisdiction and for failure to state a claim.

## II.   APPLICABLE LEGAL STANDARDS AND ANALYSIS

### A.   Section 1981: Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants argue Chhim's claim under 42 U.S.C. § 1981 is barred by the Eleventh Amendment and move to dismiss the claim pursuant to Federal Rule of

Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Smith v. Reg'l Transit Auth.*, 756 F.3d 340, 347 (5th Cir. 2014) (quoting *Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 494 (5th Cir. 2005)). When there is a challenge to the court's subject matter jurisdiction, the party asserting jurisdiction bears the burden of establishing that jurisdiction exists. *Alabama-Coushatta Tribe of Tex. v. United States*, 757 F.3d 484, 487 (5th Cir. 2014); *Gilbert v. Donahoe*, 751 F.3d 303, 307 (5th Cir. 2014). Here, Plaintiff Chhim bears this burden.

Section 1981 does not abrogate state sovereign immunity. *Early v. S. Univ. Agric. & Mech. Coll. Bd. of Supervisors*, 252 F. App'x 698, 700 (5th Cir. 2007) (citing *Sessions v. Rusk State Hosp.*, 648 F.2d 1066, 1069 (5th Cir. Unit A June 1981)). There is no evidence of a waiver of sovereign immunity for the University.[3] Plaintiff's Section 1981 claim against the University is therefore **dismissed** for lack of subject matter jurisdiction.

Plaintiff has named Defendants Staples, Justice, and Elsayed in their official capacities. Plaintiff generally requests both a permanent injunction, including

---

[3] The Court previously determined that the University is entitled to sovereign immunity because it is an arm of the State of Texas. Memorandum and Order [Doc. # 19], at 5.

reinstatement, and money damages. Amended Complaint [Doc. # 20], at 15–16, ¶¶ 1–6.

Claims for damages against state officials in their official capacity are barred by the Eleventh Amendment, *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 609 n.10 (2001), but the Court does have subject matter jurisdiction to grant prospective injunctive relief against state officials in their official capacities. *See Ex parte Young*, 209 U.S. 123 (1908). The Fifth Circuit has held, however, that Section 1981 does not provide an independent cause of action against public employers. *Oden v. Oktibbeha County*, 246 F.3d 458, 463 (5th Cir. 2001) (citing *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 731–32 (1989)). Therefore, Plaintiff's Section 1981 claim against Staples, Justice, and Elsayed must be **dismissed**.

### B. Title VII: Motion to Dismiss for Failure to State a Claim

#### 1. Legal Standards

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is viewed with disfavor and is rarely granted. *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013) (citing *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011)). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true. *Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (citing *Gregson v. Zurich Am.*

5

*Ins. Co.*, 322 F.3d 883, 885 (5th Cir. 2003)). The complaint must, however, contain sufficient factual allegations, as opposed to legal conclusions, to state a claim for relief that is "plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Patrick v. Wal-Mart, Inc.*, 681 F.3d 614, 617 (5th Cir. 2012). When there are well-pleaded factual allegations, a court should presume they are true, even if doubtful, and then determine whether they plausibly give rise to an entitlement to relief. *Iqbal*, 556 U.S. at 679.

Because Chhim is proceeding *pro se*, his "pleadings are held 'to less stringent standards than formal pleadings drafted by lawyers.'" *Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 338–39 (5th Cir. 2014) (quoting *Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir. 2002)). However, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *Davis v. Lithicum*, 574 F. App'x 379 (5th Cir. 2014) ("A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory.").

### 2.     Analysis of Official Capacity Claims Under Title VII

Plaintiff asserts Title VII claims against Staples, Justice, and Elsayed in their official capacities. "Individuals are not liable under Title VII in either their individual or official capacities." *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376,

382 (5th Cir. 2003); *see also Smith v. Amedisys Inc.*, 298 F.3d 434, 449 (5th Cir. 2002) ("[A] plaintiff is not entitled to maintain a Title VII action against both an employer and its agent in an official capacity."). The Fifth Circuit has applied this principle to state officials when sued in their official capacity as co-defendants with a state agency. *See Harris v. Travis*, 55 F. App'x 716, 2002 WL 31933184, at *2 (5th Cir. 2002). All Plaintiff's claims asserted pursuant to Title VII against Staples, Justice, and Elsayed in their official capacities are accordingly **dismissed**.

### 3. Title VII Discrimination Claims Against the University Based on Race and National Origin

Chhim alleges that the University discriminated against him on the basis of his race and national origin. Defendant University argues that Plaintiff has not stated claim under Title VII because he has not made out a *prima facie* case under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). The *McDonnell Douglas* framework, however, does not apply to a motion to dismiss for failure to state a claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002). Further, the Court may not "substitut[e] an 'evidentiary standard' for a 'pleading requirement'" on a Rule 12(b)(6) motion. *Raj v. Louisiana State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002)).

In substance, Plaintiff alleges discrimination based on his assertions (1) that his Latina coworkers received radios for communication at work but he did

7

not, Amended Complaint [Doc. # 20], at 10, ¶ 22(d); (2) that he received less favorable treatment than his Latina coworkers following an incident where custodial staff failed to collect trash from certain classrooms during or after spring break, *id.*, at 10, ¶ 22(d);[4] (3) apparently he was not given training to which he was entitled as a probationary employee, *id.* at 10, ¶¶ 22(a)–(c); and (4) Elsayed stood behind him watching him work, *id.* at 10, ¶ 22(d).  Reading the Amended Complaint generously, apparently, Plaintiff also complains that Elsayed wrote reports about him without showing him the write-ups or having him sign them. *Id.*, at 8, ¶ 19.  For the purposes of the Rule 12(b)(6) motion to dismiss, Plaintiff has met the plausibility pleading standard with regard to his claims for discrimination on the basis of race and national origin.  Any more detailed analysis must await discovery and summary judgment or trial.

### 4. Title VII Discrimination Claim Against the University Based on Age

The Court previously explained that "[a]n age discrimination claim is properly brought under the ADEA, not Title VII." *See* Memorandum and Order [Doc. # 19], at 8 n.5 (citing 42 U.S.C. § 2000e-2; *Fields v. Tex. Cent. Educ. Agency*, 754 F. Supp. 530, 533 (E.D. Tex. 1989), *aff'd per curiam*, 906 F.2d 1017 (5th Cir. 1989)); *see also Reed v. Neopost USA, Inc.*, 701 F.3d 434, 439 (5th Cir.

---

[4]   Plaintiff includes two subparagraphs labelled "d."

2012) ("Title VII does not protect against age and disability discrimination." (citation omitted)). Plaintiff cannot assert a viable age discrimination claim under Title VII. Plaintiff's age discrimination claim pursuant to Title VII is **dismissed**.[5]

### 5. Title VII Claim Against the University Based on a Hostile Work Environment

Plaintiff asserts a hostile work environment claim under Title VII. "In order to establish a hostile working environment claim, [a plaintiff] must prove: (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on race; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action." *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002). The harassment must be "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Id.* "For harassment to affect a term, condition, or privilege of employment, it must be both objectively and subjectively abusive." *Hague v. Univ. of Tex. Health Sci. Ctr. at*

---

5   Plaintiff originally asserted a claim under the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 *et seq.*, against the University. Original Complaint [Doc. # 1], at 4, ¶ 10. The Court dismissed that claim as barred by sovereign immunity because the University is an arm of the State of Texas. Memorandum and Order [Doc. # 19], at 5–6. The Amended Complaint refers to the ADEA in the context of Plaintiff's allegations of harassment based on a hostile work environment. The Court addresses the potential ADEA claim against Defendants Staples, Justice, and Elsayed in their official capacities below.

*San Antonio*, 560 F. App'x 328, 332 (5th Cir. 2014) (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21–22 (1993).

Plaintiff has alleged that his coworkers made "daily statements" relating to his status as a member of a protected class, citing the example of "Cambodian shorty man don't expected to work with us." Amended Complaint [Doc. # 20], at 13, ¶ 29; *id.*, at 4, ¶ 10. Plaintiff has also alleged the occurrence of several incidents in which his coworkers or Elsayed engaged in other harassing conduct. *Id.* at 12–13, ¶¶ 25–29. The majority of the harassing conduct consisted of "mere offensive utterance[s]" and Plaintiff offers no specific factual example of how the alleged conduct actually interfered with his work performance. *Royal v. CCC & R Tres Arboles, L.L.C.*, 736 F.3d 396, 401 (5th Cir. 2013) ("Relevant factors are 'the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance.'" (quoting *Harris*, 510 U.S. at 23)). While these alleged comments, if made, certainly were rude and inappropriate, viewed as a whole, the conduct of Elsayed and Plaintiff's coworkers was not objectively "abusive," as the term is interpreted by the Fifth Circuit Court of Appeals and the United States Supreme Court. *See Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory

10

changes in the 'terms of conditions of employment.'").  The Title VII claim against the University for harassment based on a hostile work environment is **dismissed**.

### 6. Title VII Claim Against the University for Retaliation

The Amended Complaint asserts that the University retaliated against Plaintiff for his prior participation in an EEOC process and lawsuit against the University.  The Court already held that Plaintiff failed to exhaust his administrative remedies regarding any purported retaliation for the earlier EEOC process and lawsuit.  This holding on the retaliation claim is reaffirmed and that claim is **dismissed**.[6]

### C. ADEA Harassment Claim: Rule 12(b)(6) Motion

Plaintiff does not specifically articulate a claim under the ADEA.  In the Amended Complaint, however, Plaintiff makes a passing reference to that statute as part of his allegations of harassment.  Doc. # 20, at 4, ¶ 10.  The Court considers whether Plaintiff has stated a viable ADEA harassment claim in the Amended Complaint against any Defendant.  *See Dediol v. Best Chevrolet*, 655 F.3d 435, 441 (5th Cir. 2011) (recognizing a cause of action for "hostile work environment . . . based on age discrimination under the ADEA").  Because the

---

[6] The Original Complaint also alleged that the University terminated Plaintiff's employment in retaliation for his complaints about discrimination and harassment. Original Complaint [Doc. # 1] at 7.  The Amended Complaint does not include those allegations.  Plaintiff is deemed to have abandoned this second retaliation claim and it is **dismissed**.

ADEA does not abrogate state sovereign immunity, Plaintiff may assert an ADEA claim only against Staples, Justice, and Elsayed in their official capacities and only for prospective injunctive relief. *See Cyprow v. Tex. Dep't of Pub. Safety*, No. Civ. A. H-07-3045, 2009 WL 1743826, at *15 (S.D. Tex. June 17, 2009) (holding that plaintiff's "claim for reinstatement under § 1981, § 1983, and the ADEA is cognizable under *Ex parte Young* because it is a claim for prospective relief"), *aff'd*, 371 F. App'x 522 (5th Cir. 2010).

Plaintiff does not allege, however, facts sufficient to support a finding of either severe or pervasive harassing conduct based on Plaintiff's age. Plaintiff only alleges that Elsayed once expressed concern about Plaintiff's ability to commute to the University late at night because of his age. Amended Complaint [Doc. # 20], at 12, ¶ 25. This remark is not objectively offensive. *See Dediol*, 655 F.3d at 441 (harassing conduct must be "both objectively and subjectively offensive"). Plaintiff's ADEA claim must be **dismissed**.

### III. <u>CONCLUSION AND ORDER</u>

Based on the foregoing, the Court concludes that Plaintiff's Title VII claim for discrimination based on race or national origin meets the plausibility pleading standard. Regarding the remainder of Plaintiff's claims, however, the Court concludes that either it lacks subject matter jurisdiction or that Plaintiff has failed to state a claim on which relief may be granted. Therefore Defendant's Motion to

Dismiss Plaintiff's First Amended Complaint [Doc. # 21] is **granted in part and denied in part**.  Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [Doc. # 21] is **GRANTED** as to Plaintiff's claim under 42 U.S.C. § 1981 against the University and Staples, Justice, and Elsayed in their official capacities, which is hereby **DISMISSED with prejudice**.  It is further

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. # 21] is **DENIED** as to Plaintiff's Title VII claims against the University for discrimination based on race or national origin and **GRANTED** as to Plaintiff's Title VII claims for age discrimination, harassment based on a hostile work environment, and retaliation which are hereby **DISMISSED with prejudice**.  It is further

**ORDERED** that Defendant's Motion to Dismiss Plaintiff's First Amended Complaint [Doc. # 21] is **GRANTED** as to Plaintiff's claim under the ADEA, which is hereby **DISMISSED with prejudice**.

SIGNED at Houston, Texas, this 20th day of **November, 2015**.

_____
NANCY F. ATLAS
SENIOR UNITED STATES DISTRICT JUDGE